851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Kih Seok PARK, et al., Appellants,
v.
DISTRICT OF COLUMBIA, a municipal corporation, et al.
 No. 87-7179.
 United States Court of Appeals, District of Columbia Circuit.
 April 22, 1988.
 
 Before WALD, Chief Judge, RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs submitted by counsel. See D.C.Cir.R. 13(i). After full review of the case, the court is satisfied that the appeal occasions no need for a published opinion. See D.C.Cir.R. 14(c).
 
 
 2
 The district court correctly held that plaintiff-appellant Park has no cognizable liberty or property entitlement to vend at the site he prefers, and therefore no constitutionally-mandated right to notice and an opportunity to be heard before that site is reserved for use as a loading zone. The district court further noted the city's recent move to provide persons situated as Park is with more ready access to matters affecting their affairs. That court indicated, again correctly, that the city's establishment of an office where licensed street vendors can express their concerns and receive information, while a salutary development, is not constitutionally compelled.
 
 
 3
 Essentially for the reasons stated by the district court in its July 22, 1987 Memorandum, it is
 
 
 4
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.